■ NASSAU PHOTO-ENGRAVING Co., INC., Appellant, v. DAILY REVIEW CORPORATION, Respondent.— In an action to recover damages for breach of contract, plaintiff sought to recover loss of profits from October 1, 1949, the date of the alleged breach, to September 4, 1951, when the contract terminated by its terms. The appeal is from an order made after trial before the court

without a jury determining plaintiff to be entitled to such damages from October 1, 1949, to October 26, 1949, the date of cancellation by plaintiff; the amount thereof to be determined by an official referee. Order affirmed, with costs. No opinion. Murphy, Ughetta and Hallinan, JJ., concur; Beldock, Acting P. J., dissents and votes to modify the order so as to provide that plaintiff have judgment for loss of profits between October 1, 1949, and September 4, 1951, with the following memorandum: On September 4, 1946, the parties contracted in writing that, if plaintiff duly performed, defendant would give all its photoengraving and zinc half-tone work to plaintiff for a period of five years from the date of the contract. It was further provided that, if defendant failed to give plaintiff all its work, plaintiff had the right to cancel the contract on 10 days' written notice. It is not disputed that defendant breached the contract by failing to give plaintiff all its work. On October 13, 1949, plaintiff notified defendant that, unless the latter carried out the contract, it would be canceled 10 days after receipt of the notice and that defendant would be held responsible for damages because of defendant's violation of the contract. By the order appealed from plaintiff was granted judgment for damages up to October 26, 1949, on the theory that the letter of October 13, 1949, terminated the contract as of October 26, 1949, and plaintiff was precluded from recovering damages for breach of contract thereafter. In my opinion, the affirmance of that holding does violence to plaintiff's rights. The contract gave plaintiff the right to cancel defendant's rights under the contract in the event of defendant's default. The exercise by plaintiff of that right worked a forfeiture of defendant's right to have plaintiff do its work, but it did not forfeit plaintiff's right to damages for defendant's breach. Defendant agreed absolutely to continue this contract for five years, if there were no breach by plaintiff, and none is claimed. Defendant did not have the right to cancel this contract, nor was the contract terminated by mutual consent, nor did the contract provide that all rights of both parties terminated upon the election of plaintiff to cancel the contract because of defendant's default. In my opinion, plaintiff is entitled to damages to the expiration of the term of the original contract.